**IT IS SO ORDERED.**

**SIGNED THIS: November 8, 2011**

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ROTHSTEIN ROSENFELDT ADLER, P.A., | ) | Case No. 09-34791-BKC-RBR |
| | ) | (pending in the Bankruptcy |
| Debtor, | ) | Court for the Southern District |
| | ) | of Florida) |
| | ) | |
| HERBERT STETTIN, not individually, but as Chapter 11 Trustee of the estate of Rothstein Rosenfeldt Adler, P.A., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Adv. No. 11-8079 (filed in the Bankruptcy Court |
| RLI INSURANCE COMPANY, | ) ) | for the Central District of Illinois) |
| Defendant. | ) | |

## O P I N I O N

This matter is before the Court on a trustee's motion to compel compliance with a subpoena for the production of documents pursuant to Fed. R. Bankr. P. 2004. The movant is Herbert Stettin, who is the Chapter 11 Trustee of the bankruptcy estate of Rothstein

Rosenfeldt Adler, P.A. (Debtor), the Debtor in a Chapter 11 bankruptcy case filed and pending in the Southern District of Florida. Stettin's motion is filed before this Court in the Central District of Illinois since the respondent in discovery is RLI Insurance Company (RLI), whose headquarters are in Peoria, Illinois.

The Debtor allegedly sold fraudulent confidential settlements to a group of hedge funds known as the Banyon Entities including Banyon 1030-32 LLC. Perhaps smelling a rat, the Banyon Entities presciently purchased $70 million in commercial crime insurance coverage from several insurance carriers, including RLI, insuring it against employee theft, making sure to add the Debtor as a covered employee by special endorsement. The Banyon Entities subsequently made an insurance claim for employee theft based on the fraudulent actions of the Debtor.

Disputing the claim, RLI and five other carriers filed an action on March 22, 2010, in the U.S. District Court for the Middle District of Florida, to rescind the insurance contracts. On August 12, 2010, an involuntary Chapter 7 bankruptcy petition was filed against Banyon 1030-32 LLC in the Southern District of Florida, thus staying the rescission action. Stettin does not claim to have been appointed trustee for the estate of Banyon 1030-32 LLC and it is not even clear from the record whether an order for relief has been entered.

Generally, a claim to proceeds under an insurance policy is owned by and is an asset of the named insured, subject to sale, assignment or transfer if not prohibited by state law. Some or all of the Banyon Entities are the named insureds on the commercial crime insurance policies; as such, they own the causes of action against the carriers for the policy

proceeds. The Debtor is not a named insured and does not own or otherwise have rights to those claims. Stettin does not contend otherwise.

RLI contends that Stettin's only interest in, and standing to pursue, the insurance claims is as a potential assignee of or successor in interest to the Banyon Entities. RLI asserts that Stettin has negotiated a settlement agreement with the principals of the Banyon Entities that would result in a transfer to Stettin of "control of the Banyon Entities," including, presumably, the rights to the insurance claims. That settlement agreement is subject to approval by the bankruptcy court for the Southern District of Florida, which has not yet been given and is being vigorously opposed by certain interested parties including the United States Trustee. It has also been represented that the Florida bankruptcy court will try the issue of substantive consolidation of the estates of the Debtor and Banyon 1030-32 LLC beginning November 14, 2011.

RLI argues that until such time as the settlement agreement is approved or the estates are consolidated, Stettin has no standing to subpoena the insurance files from RLI since the insurance claims are not yet, and may never be, assets of the Debtor's estate. RLI is correct.

Discovery under Rule 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor." Fed. R. Bankr. P. 2004(b). In this Court's view, discovery pertaining to a cause of action owned by a non-debtor third party is not within the scope of Rule 2004, notwithstanding that the Debtor (or its trustee) might someday acquire the right to enforce it. If and when the Debtor or Stettin, as Trustee,

3

acquires that right, Stettin would then have standing to engage in discovery as permitted by applicable rule or statute.

Neither is there anything in the record to indicate that the proposed subpoena is necessary or in furtherance of an attempt by Stettin to prevent the spoliation of evidence through the destruction of records by RLI. As a party to the rescission action, RLI is already under an absolute obligation to preserve all relevant records. *See Pension Committee of the Univ. of Montreal Pension Plan v. Banc of America Securities*, 685 F.Supp.2d 456, 465 (S.D.N.Y. 2010) (duty to preserve arises when a party reasonably anticipates litigation requiring suspension of document destruction policy).

Of additional significance is the pendency of the rescission action filed by RLI and several other carriers against the Banyon Entities. Even if Stettin eventually obtains the right to attempt to enforce the insurance claims on behalf of the Debtor, since that right shares common operative facts with the rescission action, those adverse claims should and surely will be litigated in a single action, either in the District Court for the Middle District of Florida or as an adversary proceeding in the Bankruptcy Court for the Southern District of Florida. Either way, discovery will then be governed by the rules of civil procedure that apply to lawsuits, not by Rule 2004, which applies to bankruptcy cases. This is not a situation where a trustee needs to engage in a fact-finding expedition under Rule 2004 to determine whether there is an adequate factual basis to assert a cause of action. The factual basis for the insurance claims is well known to Stettin; he has no need to resort to Rule 2004 and must proceed, if at all, under the rules of discovery that govern known and filed causes

of action. Rule 2004 examinations are not generally permitted once an adversary proceeding has been commenced, as the greater protections of Bankruptcy Rules 7026 - 7037, modeled on Fed. R. Civ. P. 26 - 37, then apply. *In re Recoton Corp.,* 307 B.R. 751, 755 (Bankr.S.D.N.Y. 2004).

For these reasons, Stettin's motion to compel RLI'S compliance with his Rule 2004 subpoena will be denied. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###